|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>SCURA, WIGFIELD, HEYER<br>STEVENS & CAMMAROTA, LLP<br>1599 Hamburg Turnpike<br>Wayne, New Jersey 07470<br>Tel.: (973) 435 0179<br>Rahaf Alrehaili, Esq.<br>ralrehaili@scura.cm<br>Counsel for Debtor | Order Filed on September 9, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |

| In Re:<br><br>    KRISTEN PRESSEY,<br>                              Debtor. | Case No.: 25-17324-VFP<br>Hearing Date: 09/04/2025<br>Chapter: 13<br>Judge: Vincent F. Papalia |
|---|---|

## ORDER AUTHORIZING
## SALE OF REAL PROPERTY

| Recommended Local Form: | ☒ Followed | ☐ Modified |
|---|---|---|

The relief set forth on the following pages numbered two (2) and three (3), is **ORDERED**.

**DATED: September 9, 2025**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

After review of the Debtor's motion for authorization to sell the real property commonly known as _____41 Spring Hill Road Clifton, NJ 07013_____, New Jersey (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☒   In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

| | |
|---|---|
| Name of professional: | Alexandra Constandinou, Realtor; Joseph V. MacMahon, Esq |
| Amount to be paid: | $11,500; $1775 |
| Services rendered: | Listing, contacting potential buyers, etc.; Closing the Property |

**OR**:  ☐  Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing, including commission due to buyer's agent.

5. The amount of $__$31,575.00__ claimed as exempt may be paid to the Debtor.

6. The ☐ *balance of proceeds* or the ☒ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. ☐ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions:

    a. The 14-day period set forth in F.R.B.P. 6004(h) regarding stay of this Order authorizing the sale of real property is hereby waived.

    b. Closing must take place within 90 days from the entry of this order

    c. Closing is subject to updated payoff from secured creditor and payoff must be paid in full from sale proceeds at closing.

    d. After deductions as stated herein, all non-exempt sale proceeds shall be held in trust by debtor's attorney pending further order of the Court.

*rev.1/12/22*